REDMANN, Judge
(concurring).
In my opinion the question here is not whether the original consent of plaintiffs *582 was supported by cause or consideration, since' their rights under their then lease have expired. Nor need we decide whether the Monteleone’s promise to allow the Bien-ville Club to erect stands is enforceable during the term of Bienville’s then lease (and thereafter). Rather the question is whether under plaintiffs’ later lease they have any implied right to freedom from obstruction of their show windows by carnival parade stands of the usual construction.
Whether or not Monteleone’s permit to Bienville is or was legally enforceable, plaintiffs knew when they were negotiating a new lease that Monteleone had granted Bienville permission for such stands. Thus plaintiffs knew Monteleone could not (during Bienville’s then lease) include in plaintiffs’ lease, and by remaining silent plaintiffs consented their lease would not include, any implied right to freedom from obstruction of their show windows by parade stands of normal construction during the carnival season. Having no such right under their lease, plaintiffs are not entitled to the injunction they seek.
Before REDMANN, BARNETTE and SWIFT, JJ.